243 F.2d 607
 100 U.S.App.D.C. 184
 EASTERN AIR LINES, Inc., Petitioner,
v.
CIVIL AERONAUTICS BOARD, Respondent, Capital Airlines, Inc.,
Delta Air Lines, Inc., United Air Lines, Inc.,
Northwest Airlines, Inc., National
Airlines, Inc., Trans World
Airlines, Inc., Intervenors.
 No. 13323.
 United States Court of Appeals District of Columbia Circuit.
 Argued Oct. 22, 1956.
Decided Dec. 6, 1956.
As Amended on Petition for Rehearing and Motion for
Reconsideration Denied Feb. 28, 1957.
 
 [100 U.S.App.D.C. 185] Mr. Harold L. Russell, Atlanta, Ga., with whom Messrs. W. Glen Harlan and Terry P. McKenna, Atlanta, Ga., were on the brief, for petitioner. Mr. E. Smythe Gambrell, Atlanta, Ga., also entered an appearance for petitioner.
 Mr. Robert L. Park, Attorney, Civil Aeronautics Board, with whom Mr. Franklin M. Stone, General Counsel, Civil Aeronautics Board, Mr. John H. Wanner, Associate General Counsel, Civil Aeronautics Board, Mr. O. D. Ozment, Chief, Litigation and Research Division, Civil Aeronautics Board, and Mr. Daniel M. Friedman, Attorney, Department of Justice, were on the brief, for respondent.
 
 
 1
 Messrs. Robert B. Hankins and Macon M. Arthur, Washington, D.C., entered appearances for intervenor Capital Airlines, Inc.
 
 
 2
 Mr. James W. Callison, Washington, D.C., was on the brief for intervenor Delta Air Lines, Inc. Messrs. L. Welch Pogue and George C. Neal, Washington, D.C., also entered appearances for intervenor Delta Air Lines, Inc.
 
 
 3
 Mr. James Francis Reilly, Washington, D.C., was on the brief for intervenor United Air Lines, Inc.
 
 
 4
 Messrs. C. Edward Leasure and Herman F. Scheurer, Jr., Washington, D.C., were on the brief for intervenor Northwest Airlines, Inc.
 
 
 5
 Messrs. Richard A. Fitzgerald and Clayton L. Burwell, Washington, D.C., entered appearances for intervenor National Airlines, Inc.
 
 
 6
 Mr. James K. Crimmins, New York City, was on the brief for intervenor Trans World Airlines, Inc. Mr. William Caverly, Washington, D.C., also entered an appearance for intervenor Trans World Airlines, Inc.
 
 
 7
 Before EDGERTON, Chief Judge, and PRETTYMAN and FAHY, Circuit judges.
 
 
 8
 PRETTYMAN, Circuit Judge.
 
 
 9
 This is a petition to review orders of the Civil Aeronautics Board. Eastern Air Lines, Inc., is the holder of certificates for air routes known as Route 6, which, generally speaking, extends from Miami north to Boston and northwest to Detroit, Route 10 extending from Miami northwest via Nashville to Chicago, and Route 47 from Washington west to St. Louis. In 1946 it applied for an extension of Route 6 so as to serve points between Washington and Chicago. Various amendments to that application were made from time to time, but essentially it remained as it was. In 1955 the application came on for prehearing conference. Meantime some fifteen carriers filed over fifty applications, which covered almost the whole United States. The Board set up an area hearing, covering generally the area Chicago-Indianapolis-Atlanta-Baltimore-Miami, and consolidated for hearing and disposition all the pending applications for new routes in that area. The case is known as the Great Lakes-Southeast Service Case.[1] Eastern, having three times amended its original application, further amended it so as to apply for 'any new air transportation authority sought by any other applicant pursuant to any application which may be consolidated with this application for hearing and decision whether or not that new air transportation authority is sought by a new route proposal or through a combination of a new route proposal with an existing route of said other applicant.' Already consolidated with Eastern's application were applications for new air transportation authority involving a combination of new route proposals with existing routes to Seattle, Minneapolis, Denver, San Francisco and Los Angeles. It moved in the alternative (1) that the scope of the proceeding be confined to the issues raised by its application for the extensions of its Route 6 to provide one-carrier service between Chicago and Washington and points south and of its Route 47 to Chicago [100 U.S.App.D.C. 186] and Detroit; or (2) 'the Board to proceed to hearing on Eastern's application in Docket 2396 alone, without consolidated consideration of any other application'; or (3) that Eastern's additional applications or portions of applications referred to in the amendment just described be consolidated into the proceeding for hearing. The Board denied these motions. Eastern petitions for review.
 
 
 10
 We think that under our decision in United Air Lines v. Civil Aeronautics Board[2] the order denying consolidation was not a 'final order' and so cannot be reviewed here now. The order does not by any means foreclose consideration of Eastern's far-West and Southwest applications in proceedings appropriate for that purpose. To the discussion in the United case we add a comment. Eastern urges that, since its new applications are mutually exclusive to those of other applicants, it is entitled as of right to consolidation with them under the rule in Ashbacker.[3] But it is quite clear that there must be some limitation to the Ashbacker rule when applied to air routes. The point is well illustrated in the present proceeding. Eastern has a present route Detroit-Cleveland-Pittsburgh-Miami. Northwest has a present route Pittsburgh-Cleveland-Detroit-Minneapolis-Spokane-Seattle. Northwest has filed an application for a route Pittsburgh-Tampa-Miami. It overlaps Eastern's present system and was set for hearing with Eastern's application for additional route segments within that area. Thereupon Eastern filed an application for a route Detroit-Minneapolis-Spokane-Seattle. This application overlaps Northwest's present system. Eastern says its new application is mutually exclusive with Northwest's Pittsburgh-Miami application, because the traffic, and so the competing service, to and from Miami is through, not merely to or from, Detroit. And in a very real sense this is true. But the same thing would be true of almost any new air-route segment. An application for a segment Washington-Norfolk, by a carrier which already offered service from Washington to points all over the nation, would really involve traffic between all those points and Norfolk. But competing applicants for the Washington-Norfolk segment would not for this reason be entitled to demand comparative consideration with all applicants for certificates from Washington or Norfolk to all other points and by this maneuver translate the proceeding into an examination of the entire national air-route structure. Despite Ashbacker it seems to us that the Board must have a measure of discretion in placing limits to the extent of a given proceeding. Certainly the Ashbacker doctrine is not available for mere tactical maneuver purposes. An existing certificate holder cannot by the mere filing of applications for routes transform a limited inquiry into a massive consideration of the whole of American air transportation. The problem is typically one for agency judgment. If the Board is not unreasonable in its limitation of a proceeding, the courts ought not to interfere, even if they have power to do so. We think the Board was not unreasonable in this instance.
 
 
 11
 Eastern also urges that the Board's orders are invalid because they prolong materially a proceeding already in violation of the statute. The statute[4] provides that the Board shall dispose of new route applications 'as speedily as possible.' Eastern's original application has been pending ten years. Eastern says the orders here complained of would prolong consideration of the applications now involved some years more and are therefore in violation of the statute. Eastern's application for the far-West and Southwest routes was not filed until 1955, and so its argument cannot apply to that phase of the case. As to the Eastern applications for routes [100 U.S.App.D.C. 187] in the Southeast area, the area covered by the pending proceeding, we do not see how we can order that Eastern receive a separate consideration. It is entitled to a comparative consideration in that area, but so are the other applicants in so far as their applications are mutually exclusive of Eastern's. No method, other than separate consideration, of expediting the matter is suggested. Neither do we see what we can do about the past delay in the consideration of Eastern's original application. A hearing on it has been set and is proceeding. If the hearing had not been set we might find authority to order one after ten years' delay. But in the present posture of the matter we see no measure for the court to take.
 
 
 12
 The Delta Air Lines case[5] is obviously not applicable here. The disputed segments there were in the very heart of the area under consideration, almost exactly midway of the long-line application involved.
 
 
 13
 The petition for review will be dismissed for lack of jurisdiction.
 
 
 
 [1]
 Docket Nos. 2396 et al
 
 
 [2]
 97 U.S.App.D.C. 42, 228 F.2d 13 (1955)
 
 
 [3]
 Ashbacker Radio Co. v. Federal Communications Comm., 326 U.S. 327, 66 S.Ct. 148, 90 L.Ed. 108 (1945)
 
 
 [4]
 Sec. 401(c), Civil Aeronautics Act, 52 Stat. 987 (1938), 49 U.S.C.A. § 481(c)
 
 
 [5]
 Delta Air Lines v. Civil Aeronautics Board, 97 U.S.App.D.C. 46, 228 F.2d 17 (D.C.Cir., 1955)